EZEKIEL HORNER, Administrator, *vs.* RICHARD H. CONOVER.

Where a party, by unavoidable accident or any cause beyond his control, and without laches on his part, is prevented from appearing at the trial, and defending a suit, if judgment is rendered against him, courts will always grant relief upon being satisfied there is a reasonable ground to believe that injustice has been done him by a trial in his absence.

Argued before ELMER, POTTS, and VREDENBURGH, Justices, by *Beasley*, for plaintiff in *certiorari*, and *W. Halsted*, for defendant.

The opinion of the court was delivered by

POTTS, J. This was an action of debt, brought by Richard H. Conover against Ezekiel Horner, in his lifetime. The summons was served on the 14th of August, 1855, returnable on the 20th, at which time the plaintiff appeared and filed his state of demand, and the defendant also appeared, filed an offset, and requested an adjournment, which was granted, and the cause adjourned to September 1st. On that day, the defendant did not

appear; the cause was tried in his absence, and a judgment entered for the plaintiff for $62.55, and costs.

Several reasons are assigned for reversal; but the only one necessary to notice is, that the defendant was prevented by unavoidable accident from attending and making his defence.

It appears, by affidavits produced, that between the return day of the process and the day to which the cause was adjourned, the defendant, who was eighty-two years old, was thrown from his wagon, and so severely injured that he died in three or four days after the accident; and that, though he was living on the day of the trial and judgment, he had never been able to sit up after the injury received.    It appears that the action was brought upon an agreement entered into by the defendant to become surety for the payment of $78.15 and costs, the amount of a judgment which had been recovered by Conover against Aaron and Benjamin Horner; and Aaron Horner swears that if his father, Ezekiel Horner, could have attended the trial, he would have been able to prove payments made to Conover, and that he thinks there was not more than $20 due on the execution at the time. Some payments must have been made, for the amount recovered was but $62.55.

Here, then, is a judgment in the absence of the defendant. The absence is shown to have been the result of a fatal accident to the defendant, occurring shortly before the day of trial, and resulting in death almost immediately after that day; and all the proof which under the circumstances, could reasonably be required is produced to show that, to some extent at least, the defendant had a just defence to make against the demand of the plaintiff.

Where a party by unavoidable accident, or any cause over which he has no control, and without any laches or want of reasonable diligence on his part, is prevented from appearing and making his defence to a suit, courts will always relieve him upon being satisfied there is

reasonable ground to believe injustice has been done to him by a trial in his absence. *Truax* v. *Roberts, South.* 288 ; *Probasco* v. *Hartough*, 5 *Halst.* 55 ; *Paterson and Ramapo Railroad* v. *Ackerman*, 4 *Zab.* 535.

The judgment below must be reversed.